Filed 12/11/23  P. v. Bruno CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C098283 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F06363) |
| v. |  |
| ALEX JAMES BRUNO, |  |
| Defendant and Appellant. |  |

Defendant Alex James Bruno appeals from the denial of his postconviction petition seeking resentencing pursuant to Penal Code[1] section 1172.6.  Counsel for defendant filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216, asking this court to exercise its discretion to review the entire record for arguable issues on appeal.  Defendant also filed a supplemental brief in propria persona.  We will affirm.

### I.  BACKGROUND

In June 2015, a jury found defendant guilty of attempting to murder two people. The trial court had instructed the jury:  "To prove that defendant is guilty of attempted

---

[1] Undesignated statutory references are to the Penal Code.

murder, the People must prove that:  [¶]  1. The defendant took at least one direct but ineffective step toward killing another person;  [¶]  AND  [¶]  2. The defendant intended to kill that person."  The court did not instruct the jury on any other theory of attempted murder.  The jury also found defendant had personally and intentionally discharged a firearm during the attempted murders, thereby proximately causing great bodily injury to each victim.  The trial court sentenced defendant to 61 years four months to life in state prison.

In July 2022, defendant filed a petition for resentencing pursuant to section 1172.6, alleging that he could no longer be convicted of attempted murder because of changes made to the definition of murder in sections 188 and 189.  (See Stats. 2018, ch. 1015, §§ 2-3.)  The trial court appointed counsel to represent defendant.  The People filed a response to defendant's petition, arguing defendant was ineligible for relief under section 1172.6 because the jury's findings precluded any possibility that defendant could no longer be convicted of attempted murder.  Defendant filed a reply addressing the preclusive effect of the firearm enhancements but not addressing the attempted murder verdict.

The trial court held a hearing and determined defendant had failed to make a prima facie case that he was entitled to relief because the jury had not been instructed on a theory of attempted murder eliminated by the changes to sections 188 and 189.  Because defendant could still be convicted of attempted murder under the only theory presented to the jury, the trial court denied defendant's petition.  Defendant timely appealed from the order.

## II.  DISCUSSION

Under *Delgadillo*, we must "evaluate the specific arguments presented in [defendant's supplemental brief]," but we are not compelled to undertake an "independent review of the entire record to identify unraised issues."  (*People v. Delgadillo, supra*, 14 Cal.5th at p. 232.)  Defendant argues:  (1) his appointed counsel

2

performed ineffectively by failing to "raise any relevant facts" in support of his resentencing petition; and (2) section 1172.6 violates the right to equal protection of the laws or is otherwise unconstitutional. We disagree.

When a defendant files a petition for resentencing under section 1172.6, the trial court proceeds in two stages: a prima facie stage and then, if necessary, an evidentiary stage. First, "the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.' " (*People v. Strong* (2022) 13 Cal.5th 698, 708; § 1172.6, subd. (c).) If the defendant has made a prima facie showing of entitlement to relief, the trial court shall issue an order to show cause. (§ 1172.6, subd. (c).) Then, the trial court must hold an evidentiary hearing at which the prosecution bears the burden of proving, " 'beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder' " under the recently amended versions of sections 188 and 189. (*Strong*, at pp. 708-709; § 1172.6, subd. (d).)

Defendant's ineffective assistance argument fails because his petition was denied at the prima facie stage of the process. The trial court found the jury in defendant's trial had not been instructed on any theory of attempted murder that had been invalidated by the changes to sections 188 and 189. This meant defendant could still be convicted of attempted murder under the only theory tried, so he failed "to establish any grounds for relief." Accordingly, the trial court declined to issue an order to show cause or hold an evidentiary hearing. Defendant does not challenge this ruling. Because defendant's petition did not make it to the evidentiary stage, we cannot fault his lawyer for failing to "raise any relevant facts" or "thoroughly investigate this case for a defense."

Defendant has failed to fully develop his argument that section 1172.6 denies equal protection of the laws or is otherwise unconstitutional. "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) To demonstrate that "a statutory distinction is so devoid of

3

even minimal rationality that it is unconstitutional as a matter of equal protection," defendant must establish that the law affects two or more similarly situated groups in an unequal manner and must overcome the presumption that the law "bears a rational relationship to a legitimate state purpose." (*People v. Chatman* (2018) 4 Cal.5th 277, 289.)

The closest defendant comes to analyzing section 1172.6 is asserting that the "Attorney General has conceded on several cases over the course of [two] years" that section 1172.6 denies equal protection and that "the lower state court's [*sic*] have argued in several cases since the passing of [section] 1172.6 [that it] is not 'constitutional.' " Defendant has not identified or provided any citations to these cases. Nor has defendant explained how he is similarly situated to a group benefited by section 1172.6 or overcome the presumption that the law has a rational basis. Accordingly, we must reject defendant's arguments.

### III. DISPOSITION

The order denying defendant's resentencing petition is affirmed.

/s/_____
Wiseman, J.*

We concur:

/s/_____
Robie, Acting P. J.

/s/_____
Krause, J.

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4